The opinion of the Court was delivered by
Withers, J.
The case turned upon the question of gift or loan by Cunningham, the defendant, to his daughter, the wife of Lark, the plaintiff.
The defendant would have put in evidence a paper, signed by the wife, called a receipt, which stated that the negro in question (with others) was to be “ returned when called for.” *62 This paper was rejected as being incompetent on the general and incontestable rale of evidence, that neither the wife nor her declarations shall be received for or against her husband as party to a record in civil actions.
Whether that rule did apply so as to exclude the paper referred to, is the only question necessary to be considered by this Court.
We hold that the fact which the paper is understood to disclose should have been admitted in behalf of Cunningham. This is founded on the assumption that it was not a circum-tance occurring after any right of the husband attached, nor so long before, or under any other such conditions, as to show that it was not a part of the res gestee — meaning thereby the transaction of transferring a negro by the father to his married daughter. Such conditions touch the admissibility of the evidence. Its effect would be wholly destroyed as against the husband, if it should appear that there was a purpose to defraud the husband, to be inferred from arjy circumstance sufficient to sustain that conclusion, as a confederation to conceal what the husband ought to know, and so forth.
Premising thus much, and concluding nothing that may hereafter be made to appear, we suppose this case to be before us, to wit: A father delivers a negro to his married daughter, the husband absent, and alleges, that he annexed terms showing the transaction imported only a loan at will — and he offers, towards proof of his intentions and the conditions of the delivery, what his daughter admitted at the time, or as part of the res gestee.
The father has an absolute right to give or lend. He may do it by parol. That the husband may not be present, and does not, in fact, know the conditions that may be annexed, does not abridge the father’s rights, or annul his reservations. Something more than merely his ignorance of what the father said or did must appear, to make it a fraud on his marital rights. Where a deed is made, and delivered to a wife, or a trustee for her, excluding or abridging the marital rights, the husband’s *63 ignorance merely does not vitiate the conditions and limitations. (Richmond vs. Yongue, 5 Strob. 46; Henson vs. Kinard, 3 Strob. Eq. 371.) No principle distinguishes the case of conditions and limitations annexed by parol, and to be proved by evidence of that grade. Suppose a father to address his daughter thus: “ Observe, I allow you to receive this negro for ten years, or to nurse your child for the present year, or to be returned when I may require it — I hope you understand it” — and the daughter to reply, “Yes — I hear and understand what you say ” — cannot the answer of the daughter be given in evidence, when the question is between the husband and the father? Suppose the daughter were to solicit the father, in writing, to deliver to her a negro, on terms specified, and the father to consent, how should we exclude her words, when the object is to ascertain the true meaning of the father’s act ? To shut out such a light, would be to surround the very truth of the transaction with darkness. Our doctrine that the creditors of the husband are not affected by conditions unknown to them, which yet may affect the husband, (though accompanying a delivery to the wife and unknown to him,) shows,, that he is held to know more, that may be understood by his wife in a matter of donation by the father to her, than other people. Look at the rule of law which supports the action of one who supplies goods to the wife. He may make the husband liable, generally. Wherefore ? It is answered, the wife is presumed to be his agent. But why ? Because he is presumed to know what the wife imports into the household — he has a right, an interest and an opportunity to inquire and be informed. And though it be his legal duty also to supply her with necessaries, and she his agent to receive them, yet it is not his duty to furnish or to answer for luxuries beyond her condition. Yet if, having the opportunity of knowledge, he does not disavow her acquisition of princely attire, it is not easy to see how he would escape liability to pay for it, except by showing, touching that, a fraud by concealment, or otherwise. So in such case as the present, it is not unreasonable to presume, that the husband is willing *64 to accept a donation, though it may be a limited one, and not as much as he might wish or hope for, but yet that he would inquire of his wife the terms where he allows her to introduce what was not his before, and hence to separate him, in a contest with the donor, from his creditors.
Suppose a conversation had arisen between the wife and the husband, plaintiff in this case, when she reached home with the negro, or afterwards, and she had told him what it is said the paper called her receipt imports, could it be reasonable to exclude evidence of that, when offered by Cunningham, to establish the terms upon which he parted with the negro? Our conclusion is, the paper excluded is admissible, as tending to prove that fact — for the substantive inquiry is as to what the defendant did and said bona fide ; and what the wife admitted at the time, or as part of the res gestee, and bona fide, may aid in showing the declared intention of the father, and so bear on the question of loan, or gift absolute.
We do not infringe the rule that the wife cannot, by word or act, divest the husband of a right, or subject him to a liability, in capacity of wife, or because she is wife. We do not infringe upon Lord Raymond’s decision, [Hill vs. Hill, 2 Stra. 1094,) that the wife’s admission of payment cannot estop the husband from recovering the wages earned by her, for she would thereby divest him of a legal right already invested in him. But we hold, that though by matter of contract, and as wife, she is powerless to bind the husband to pay, or to discharge what is payable to him, yet, when the husband uses her as a channel through which he acquires another’s goods, by donation, to which he had no title, and which the donor might lawfully encumber with limitations, what she did and said, as part of the transaction, may be adduced by the donor, to throw light upon his intentions.
This is enough to show that the case must go back on the ground discussed; and, therefore, we do not enter upon any other matter of complaint urged by the party appealing.
It is ordered that the motion be granted.
*65 O’Neall, Wardlaw, Frost, Whitner and Glover, JJ., concurred.

Motion granted.